## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**KE'SHAWN FRANKLIN**                                                              **PLAINTIFF**

**v.**                                      **No: 4:26-cv-00514-KGB-PSH**

**DOES**                                                                          **DEFENDANTS**

### ORDER

Plaintiff Ke'Shawn Franklin, an inmate at the W.C. Brassell Adult Detention Center, initiated this lawsuit by filing a letter on May 11, 2026, which was docketed as a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). In the Court's Initial Order entered on May 20, 2026 (Doc. No. 2), Franklin was directed to either pay the required filing fee or to file an application to proceed *in forma pauperis* ("IFP"). He was also directed to file an amended complaint. *See* Doc. No. 2, n. 1. Franklin filed an IFP application (which has been granted), but he did not file an amended complaint on a § 1983 form. *See* Doc. Nos. 3-4. The Court will allow Franklin one final opportunity to file an amended complaint. **In the event he fails to file an amended complaint conforming to this order within 30 days, the Court may recommend dismissal of this case.**

In his amended complaint, Franklin must identify the defendants he sues (and in what capacity he sues them),[1] describe the relief he seeks, and explain as to each defendant what actions or inactions they took that violated his constitutional rights. He must specifically describe how each named defendant was personally involved in the alleged violation of those rights.[2]   Franklin must also describe only one factually related incident or issue if he sues more than one defendant.[3]  Additionally, he should note that he may not challenge his underlying criminal conviction in a §1983 case.  If release from confinement is sought, the appropriate action is a federal

---

[1] Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Thus, a suit against the defendants in their official capacities is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).  A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor.  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, defendant county employees can only be held liable in their official capacities if a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

[2] A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006).  And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action.  *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

[3] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant.  To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973). Furthermore, a plaintiff may not seek damages for any violations relating to his criminal conviction if a judgment in his favor would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, and the conviction or sentence has not been reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994).

The Clerk of Court is directed to send a blank § 1983 complaint form to Franklin. Franklin is cautioned that an amended complaint renders his original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed.

IT IS SO ORDERED this 9th day of July, 2026.

_____
UNITED STATES MAGISTRATE JUDGE